[S. F. No. 15219. In Bank.—July 23, 1934.]

JOSEPH P. GILMORE, Petitioner, v. FRANK C. JORDAN, as Secretary of State, etc., et al., Respondents.

James D. Lucey for Appellant.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, and John J. O'Toole, City Attorney, for Respondents.

THE COURT.— In the procurement of the papers for the candidacy of Alexander Gillmor, referred to in the proceeding herein, fraud was committed upon the electors, upon the signers to the sponsorship certificate, and upon other candidates for the same office, as defined in the case of *Power* v. *Jordan,* S. F. No. 7077.* Upon the authority of that case a peremptory writ of mandate is hereby ordered to issue to the registrar of voters of the city and county of San Francisco commanding him to omit the name of Alexander Gillmor from the list of candidates for the office of assemblyman from the twenty-first assembly district, to be hereafter published by him, and from the ballots to be printed and prepared. Further ordered that a transcript of testimony be delivered to the deputy city attorney representing respondent Collins, to be by him referred to the district attorney of the city and county of San Francisco for presentation to the grand jury.

*REPORTER'S NOTE.—The case of *Powers* v. *Jordan,* cited *supra,* was a proceeding in prohibition to prevent the Secretary of State from certifying Charles A. Powers as a candidate for nomination on the Democratic ballot and also on the Republican ballot at the August, 1914, primary election. It was alleged that after petitions for the certification of Lawrence J. Flaherty had been circulated by one Schienhard and sufficiently signed for each party, the name of Flaherty was erased and "Charles A. Powers" inserted therein with design to injure the candidacy of Charles James Powers, and to confuse and mislead the electors of the twenty-fourth Senatorial District. The opinion of the court, orally delivered by Acting Chief Justice Henshaw on July 24, 1914, is as follows:

The urgency of the matter calls for a decision from the bench, without the expenditure of the time necessary for the preparation of a written opinion, and I am authorized by my associates, therefore, to express the views of the court, in which all of those who are now present concur, and Justice Lorigan, who departed a few moments ago, expressly desired me to say that he concurred. It is quite manifest that these petitions for Charles A. Powers were circulated, as Mr. Schienhard has stated, not so much for the advantage of Mr. Charles A. Powers, who seems to have been not profoundly interested in his own campaign,

since these petitions were circulated but a day or two at the most before the final date of the presentation of them; but it is clearly the fact, and this court would have to shut its eyes to obvious circumstances if it did not so declare the fact to be, that Charles A. Powers' petition was circulated to the injury, and designedly to the injury, of Charles J. Powers. That, however, has nothing to do with the right to circulate those petitions if that right is given by the primary law, a question which is not raised in this case. Assuming, therefore, that there was that right, we come to the essential and vital question in this case, namely, whether in such circulation there was a fraud perpetrated. The fraud was made up of two kinds. First, a fraud upon the electors if their signatures were improperly obtained; and, second, a manifest fraud and injury upon the other *bona fide* candidates for the same office. The view of this court is that that fraud, from both points of view, is abundantly established; that the Schienhard petition and the Schienhard testimony are corroborated by that of disinterested witnesses, such as those ladies who here appear, and who have and can have no earthly reason for misrepresenting the facts as presented to them, and who concur from the beginning to the end in their testimony with the statement made by Schienhard. That being so, it necessarily follows that the electors themselves were tricked and defrauded when they were induced to sign a petition which they believed to be for Lawrence J. Flaherty, and which was in fact intended to be for Charles A. Powers. Nor does it matter in this connection whether or not Schienhard falsely or intentionally made his affidavit to those petitions when they were returned. The effect would be the same, which effect would be, in law and in fact, that the fraud still was perpetrated upon the electors, and the fraud was still perpetrated upon those who were *bona fide* candidates for the office.

The ruling and order of the court, therefore, is that as to both of the petitions for Charles A. Powers they be denied a place upon the ballot, and the Secretary of State be advised accordingly.